Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 133 | DATE | 9/20/2001 |
| CASE TITLE | Deotha Mae Johnson vs. Motorola, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss (Doc. No. 10-1) is granted. This case is dismissed as untimely.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2<br>number of notices | |
| | No notices required. | | SEP 24 2001<br>date docketed | |
| ✓ | Notices mailed by judge's staff. | | EB<br>docketing deputy initials | 13 |
| | Notified counsel by telephone. | | 9/20/2001<br>date mailed notice | |
| | Docketing to mail notices. | | ETV<br>mailing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 01 SEP 21 AM 8:37 | | |
| ETV | courtroom deputy's initials | Date/time received in central Clerk's Office | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 24 2001

| | | |
|---|---|---|
| DEOTHA MAE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01 C 133 |
| | ) | |
| MOTOROLA, INC., | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Deotha Mae Johnson ("Johnson"), an African American woman, alleges she was subjected to discrimination on the basis of her race by Defendant Motorola, Inc. ("Motorola") in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.* Johnson also claims a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Defendant Motorola seeks dismissal, arguing that Plaintiff's claims are time-barred, that she signed a valid release of her claims, and that the complaint does not state a claim for relief. As set forth below, the motion is granted.

## FACTUAL BACKGROUND

For purposes of this motion, the allegations of Plaintiff's complaint are presumed true. Plaintiff Johnson was employed by Defendant Motorola at 1303 East Algonquin Rd. in Schaumburg, Illinois. (Johnson Compl. ¶¶ 1, 12.) In her *pro se* complaint, Johnson does not state when she was hired, nor does she explain what kind of job she held within the company. Johnson alleges she was promoted by Motorola in 1995 to what she refers to as "Team B" and continued to work there until 1998. (Johnson

13

Compl. ¶ 12.) According to Johnson, all "Team B" employees received an increase in pay of $60 per week, but she was not granted this increase. *Id.* After she requested the pay increase to which she was entitled, Johnson alleges, her managers began to shuffle her around and put her in difficult situations. *Id.*

Motorola discharged Johnson in 1998; although her complaint does not set forth the precise date, Plaintiff has attached to her response to her motion a copy of a General Release Form ("Release"), dated September 11, 1998, in which she waived all claims relating to her employment in exchange for a sum of money. (Plaintiff's Response to Defendant's Motion to Dismiss (hereinafter "Pl. Resp.") Ex. E.) The Release states that Johnson signed knowingly and voluntarily and that she "unconditionally and irrevocably release[d], waive[d], and forever discharge[d] Motorola, Inc., . . . from ANY and ALL causes of action, claims and damages, including attorney's fees, whether known or unknown, foreseen or unforeseen, presently asserted or otherwise, which have or could have arisen to date out of [her] employment or separation from [her] employment." *Id.* The Release specifically identified Title VII and ADA claims as barred by the Release. *Id.*

Johnson did not file a charge with the Equal Employment Opportunity Commission ("EEOC") until October 12, 2000. The Commission dismissed her charge on October 20, 2000 as untimely and issued a right to sue notice. Johnson filed this suit on January 8, 2001. (Johnson Compl. ¶ 8b.)

Johnson alleges in the complaint she was discriminated against because of her disability (she does not identify the alleged disability) in violation of the ADA and

because of her race in violation of Title VII. (Johnson Compl. ¶ 9.) In Plaintiff's response to Defendant's motion to dismiss, Johnson further alleges violation of the Equal Pay Act, 29 U.S.C. § 206 *et seq.* ("EPA"). (Pl. Resp. at 1.)

## DISCUSSION

A motion to dismiss a complaint pursuant to FED. R. CIV. P. 12(b)(6) does not test whether the Plaintiff will prevail on the merits but instead tests whether she has properly stated a claim. *See Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995). The allegations of a complaint are considered true in deciding a motion to dismiss and the court draws all reasonable inferences in favor of the plaintiff. *Pickrel,* 45 F.3d at 116. If Plaintiff's allegations themselves demonstrate that her claim is barred by the statute of limitations, dismissal may be appropriate under Rule 12(b)(6). *See Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 669 (7th Cir. 1998), citing *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998) ("Granting a motion to dismiss based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred.")

All of Johnson's claims are time-barred. In her original complaint, Johnson alleges discrimination under the ADA and Title VII. For a charge under either of those statutes to be timely, it must be filed with the EEOC within 300 days of the alleged discriminatory action. 42 U.S.C. § 12117(a); 42 U.S.C. 2000e-5(e)(1); *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107 (1988). Because memories may fail concerning the minutia of what was said and done in the workplace, the 300-day time restriction requires that claims of employment discrimination cases be filed without

delay. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir. 1995).

Johnson's employment with Motorola ended in September 1998. Unfortunately, Johnson did not file a charge of discrimination until October 12, 2000, well beyond the 300-day limitations period imposed by the law. In her response to Motorola's motion to dismiss, Johnson asserts a claim under the Equal Pay Act, but this claim fares no better. The EPA has a two-year statute of limitations. 29 U.S.C. § 255(a). Johnson filed her complaint on January 8, 2001, more than two years after her employment ended in 1998. Even if Johnson could properly state a claim for wage discrimination, her suit is barred by the statute of limitations.

It is not necessary to reach the other arguments presented in Defendant's motion, but this court notes that the General Release Waiver, a copy of which Johnson herself has submitted to the court, appears to require dismissal of the case. When Johnson signed that document, in which she waived all claims relating to her employment in exchange for a sum of money, she gave up her right to bring this suit. The agreement clearly states that Johnson signed the release knowingly and voluntarily and that she waived all claims "which have or could have arisen to date out of [her] employment or separation from [her] employment." *Id.* The Release specifically bars claims brought under Title VII and the ADA. *Id.*

In the release form, Johnson acknowledges that she had been advised in writing to consult an attorney before signing the release, that she had 45 days to consider the release, and that she was entitled for an additional seven days to revoke the release in writing. *Id.* Johnson argues in her response that she is not bound by the Release

because she did not receive it 45 days prior to the date she actually signed it. The fact that Johnson signed the form before the full 45 days had elapsed does not alter its effect, however. *See Lloyd v. Brunswick Corp.*, 180 F.3d 893, 895 (7th Cir. 1999). If Johnson believes there are grounds to revoke the Release, she would be required under the law of this Circuit to return to Motorola the money she received in return for signing it. *See Fleming v. U.S. Postal Service AMF O'Hare*, 27 F.3d 259, 260 (7th Cir. 1994).

Even apart from the untimeliness of Plaintiff's claims and her execution of a Release, Motorola argues for dismissal because Johnson has not stated an actionable claim. In her response to Motorola's Motion to Dismiss, Johnson has apparently abandoned the discrimination claims set forth in her complaint and instead asserts a claim for overdue back pay under the EPA: She states, "The plaintiff is not seeking relief for alleged discrimination. The plaintiff is seeking overdue back pay. Equal Pay Act." (Pl. Resp. ¶ II.) As evidence for her claim, Johnson points to the EEOC right to sue notice, which granted her a right to sue on alleged Title VII and/or ADA violations, where Johnson has highlighted the *unmarked* box on the form for a right to sue under the EPA. (Pl. Resp. Ex. B.) The fact that this box was left unmarked indicates Johnson was not pursuing an EPA claim when she filed a charge with the EEOC. Even if she were, Johnson has not set forth a claim under that Act. The EPA only provides a cause of action based on sex discrimination. 29 U.S.C. 206(d)(1). In Johnson's allegations of discrimination, she does not mention sex discrimination. In an undated letter written to Motorola by Johnson, a copy of which is attached to her

response brief, Johnson specifically states that any back pay due to her is based on age or race discrimination. (Pl. Resp. Ex. D.) Neither an age or race discrimination claim, not a claim under the ADA, falls within the parameters of the EPA.

## CONCLUSION

Defendant's motion to dismiss (Doc. # 10-1) is granted. This case is dismissed as untimely.

ENTER:

Dated: September 20, 2001

REBECCA R. PALLMEYER
United States District Judge